UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SAMMIE HENRY PETTIS                                                                          PLAINTIFF

VERSUS                                                         CIVIL ACTION NO. 1:19CV127-RPM

PELICIA HALL et al                                                                           DEFENDANTS

## MEMORANDUM OPINION & ORDER

Plaintiff Sammie Henry Pettis, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging unconstitutional conditions of confinement at the South Mississippi Correctional Institution (SMCI). Doc. [1]. Plaintiff is no longer incarcerated at SMCI. He is currently housed at the Jefferson County Correctional Facility. Doc. [49-3] at 4. Plaintiff alleges that his cell did not have adequate lighting and was infested with roaches. He further alleges that he did not receive sufficient "yard call" for exercise and sunlight. He remained in these conditions for approximately eight months. Defendants have filed a motion for summary judgment arguing *inter alia* that Plaintiff failed to fully exhaust administrative remedies through the prison's grievance system prior to filing the instant lawsuit. Doc. [49]. Plaintiff filed a response in opposition. Doc. [54]. He also filed two motions for a fast and speedy trial. Doc. [56] [58].

## Law and Analysis

The Court finds that Plaintiff's complaint should be dismissed without prejudice as to all claims and all Defendants based on his failure to fully exhaust administrative remedies prior to filing this lawsuit. Exhaustion of administrative remedies through the prison grievance system is a prerequisite for lawsuits filed pursuant to 42 U.S.C. § 1983. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). No action shall be brought with respect to prison conditions under

section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are exhausted. 42 U.S.C. § 1997e(a). The Fifth Circuit takes a "strict approach" to the exhaustion requirement. *See Johnson v. Ford*, 261 Fed. Appx. 752, 755 (5th Cir. 2008). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir. 2003). Dismissal is appropriate where an inmate has failed to properly exhaust the administrative grievance procedure before filing his complaint. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal". *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement. The grievance process must be carried through to its conclusion before suit can be filed under the Prison Litigation Reform Act. *Wright*, 260 F.3d at 358. A properly exhausted claim is one which has "complete[d] the administrative review process in accordance with the applicable procedural rules." *Woodford*, 548 U.S. at 88. Those rules "are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007). "[T]he exhaustion requirement hinges on the 'availab[ility]' of administrative remedies." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) (alteration in original). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Id*. at 1859. "Since exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual

disputes concerning exhaustion without the participation of a jury." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010).

The Mississippi Code grants the MDOC the authority to adopt an administrative review procedure at each of its correctional facilities. Miss. Code Ann. § 47-5-801. The MDOC has implemented an Administrative Remedy Program (ARP) through which prisoners may seek formal review of a complaint or grievance relating to any aspect of their incarceration. Effective September 19, 2010, the ARP is a two-step process. *See Yankton v. Epps*, 652 Fed.Appx. 242, 245 (5th Cir. 2016); *Threadgill v. Moore*, No. 3:10cv378-TSL-MTP, 2011 WL 4388832, *3 n.6 (S.D. Miss. July 25, 2011). The two-step ARP process begins when the inmate submits his written grievance to the prison's legal claims adjudicator within 30 days of the incident of which he complains. The adjudicator screens the grievance and determines whether to accept it into the ARP process; if accepted, the grievance is forwarded to the appropriate official for a First Step Response. *Howard v. Epps*, 2013 WL 2367880, at *2 (S.D. Miss. 2013). If the inmate is dissatisfied with the First Step Response, he may continue to the second step by completing the appropriate ARP form and sending it to the legal claims' adjudicator. The Superintendent, Warden or Community Corrections Director issues the final ruling (the Second Step Response). If the inmate remains unsatisfied, he may then file suit in court. The ARP process is complete once the inmate receives the prison official's Second Step Response. *Gross v. Hall*, No. 3:17-cv-494-CWR-FKB, 2019 WL 4397347, at *2 (S.D.Miss. Aug. 2, 2019).

In his complaint, Plaintiff alleges he filed three ARP grievances in May 2018 and additional grievances in October 2018. Doc. [1] at 2-4, 6-8. He further alleges he received no responses to these grievances. *Id.* Defendants have submitted Plaintiff's ARP records, which contain two grievances regarding the same conditions alleged in Plaintiff's complaint. Doc. [49-

3

1]. On August 22, 2018, he submitted a grievance regarding leaks, mold, rust, insect infestations, etc. *Id.* at 8-12. On October 24, 2018, he submitted a grievance regarding leaks in the building. *Id.* at 19-21. Prison officials responded to each of his grievances; however, Plaintiff did not file a second step appeal from either one. *Id.* at 13-16, 22-24. In his complaint, Plaintiff contends that he exhausted administrative remedies because Defendants did not respond to his grievances; therefore, the "the next step in this case would be the Federal 42 U.S.C. section 1983 suit." Doc. [1] at 10. In his response to Defendants' motion for summary judgment, Plaintiff merely argues that Defendants did not respond to his ARPs within 30 days; therefore, he "had to seek redress through civil litigation." Doc. [55] at 2. Plaintiff's assertions notwithstanding, it is undisputed that Plaintiff did not appeal to the second step of the ARP process for either of his grievances. Based on the foregoing, the undersigned finds Plaintiff did not complete the exhaustion process prior to filing his lawsuit.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' [49] Motion for Summary Judgment is GRANTED based on Plaintiff's failure to exhaust administrative remedies. His complaint is dismissed without prejudice as to all claims and all Defendants.

IT IS FURTHER ORDERED that Plaintiff's [56] [58] Motions for Fast and Speedy Trial are DENIED.

SO ORDERED AND ADJUDGED, this the 1st day of March 2021.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE